# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2011-CT-00840-SCT

*ANTHONY TYRONE THOMAS a/k/a ANTHONY J.*
*THOMAS a/k/a ANTHONY B. THOMAS a/k/a BIG*
*HAB a/k/a ANTHONY THOMAS*

*v.*

*STATE OF MISSISSIPPI*

## ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 05/03/2011 |
| TRIAL JUDGE: | HON. JEFF WEILL, SR. |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT |
| ATTORNEYS FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: GEORGE T. HOLMES |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: BILLY L. GORE SCOTT STUART |
| DISTRICT ATTORNEY: | ROBERT SHULER SMITH |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | THE JUDGMENT OF THE COURT OF APPEALS IS AFFIRMED IN PART AND REVERSED IN PART.  THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT IS AFFIRMED IN PART, REVERSED IN PART, AND THE COUNT II INDICTMENT IS DISMISSED - 10/03/2013 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**KITCHENS, JUSTICE, FOR THE COURT:**

¶1.     Anthony Tyrone Thomas was convicted of aggravated assault (Count I) and of being

a felon in possession of a weapon (Count II), then was sentenced to two consecutive terms

of life without parole as an habitual offender. The Court of Appeals affirmed both convictions, and we granted Thomas's petition for writ of certiorari. Because we find that Count II of Thomas's indictment did not charge him with a crime, we reverse his conviction for being a felon in possession of a weapon in violation of Mississippi Code Section 97-37-5 (Rev. 2006), and dismiss the indictment in Count II. As we have limited our review to Count II, the conviction for Count I is affirmed by means of the judgment of the Court of Appeals.

**I.**

¶2. Thomas was indicted for one count of aggravated assault and one count of being a felon in possession of a weapon. The State alleged that Thomas had stabbed his girlfriend with a knife, and that Thomas's status as a prior convicted felon prohibited his possessing that knife. Thomas claimed that his girlfriend had attacked him first and that she accidentally had stabbed herself twice in the ensuing struggle. A jury convicted Thomas on both counts, but the case was reversed by the Court of Appeals in 2009. ***Thomas v. State*** ("***Thomas I***"), 19 So. 3d 130, 135 (Miss. Ct. App. 2009) (reversing for erroneous admission of evidence related to Thomas's prior felony conviction).

¶3. Thomas was tried a second time and again was convicted on both counts. Having been convicted and sentenced in the past for two other violent felonies, he was sentenced to two life sentences without parole, in accordance with Mississippi Code Section 99-19-83, to run consecutively. Thomas's appeal was assigned to the Court of Appeals, which rejected his claims of error and affirmed the convictions. *See **Thomas v. State***, ___ So. 3d ___, 2012 WL 4497345 (Miss. Ct. App. Oct. 2, 2012).

¶4. In his petition for writ of certiorari, Thomas argued that the evidence was insufficient to convict him of being a felon in possession of a prohibited weapon, and that, should this conviction be reversed, he would be entitled to a new trial on the aggravated assault charge based on the doctrine of "retroactive misjoinder."[1] We granted Thomas's petition, and we limit our review to the weapons conviction. M.R.A.P. 17(h).

**II.**

¶5. Mississippi Code Section 97-37-5 (Rev. 2006) makes it unlawful for any person who has been convicted of a felony to possess a list of certain weapons, including "any bowie knife, dirk knife, butcher knife, or switchblade knife." In Count II of the indictment, the State charged that Thomas "did willfully, unlawfully, knowingly and feloniously have in his possession a certain weapon, to-wit: *a knife*, he, the said Anthony J. Thomas, having been previously convicted of a felony . . . ." (Emphasis added.) However, the mere possession of "a knife" is not a crime under Mississippi Code Section 97-37-5; only possession of those knives enumerated in the statute is a crime.

¶6. During the jury instructions conference, counsel for Thomas noted that the indictment charged Thomas only with possessing "a knife," and that the jury instructions should track the language of the statute. Although he does not make this argument on appeal, we are within our discretion to address plain errors despite procedural bars. M.R.A.P. 28(a)(3).

---

[1] *See* **Williams v. State**, 37 So. 3d 717, 721 (Miss. Ct. App. 2010) (applying the doctrine that "if the defendant can show that he suffered clear and compelling prejudice as a result of the evidence introduced to support the vacated count, he is entitled to a new trial on the remaining count(s).")

¶7. The familiar constitutional right to notice of criminal charges is guarded by both the state and federal bill of rights. U.S. Const. amend. VI ("In all criminal prosecutions, the accused shall enjoy the right . . . to be informed of the nature and cause of the accusation."); Miss. Const. art 3, § 26 ("In all criminal prosecutions the accused shall have a right . . . to demand the nature and cause of the accusation."). *See also* Miss. Const. art. 3, § 27 ("No person shall for any indictable offense be proceeded against criminally by information . . . ."). An indictment which fails to allege all essential elements of a crime runs afoul of our constitutions and is void.

> It has long been the law of this land that an accused person has a constitutional right to be informed of the nature and material elements of the accusation filed against him. All the authorities are to the effect that an indictment, to be sufficient upon which a conviction may stand, must set forth the constituent elements of a criminal offense. Each and every material fact and essential ingredient of the offense must be with precision and certainty set forth.

*Burchfield v. State*, 277 So. 2d 623, 625 (Miss. 1973). *See also Spears v. State*, 253 Miss. 108, 116, 175 So. 2d 158, 161-62 (1965) ("Repeatedly this Court has held that an indictment based upon a statutory offense must charge all of the essential elements of the statutory crime and is void for failure to do so.") (citing *May v. State*, 209 Miss. 579, 47 So. 2d 887 (1950); *Kelly v. State*, 204 Miss. 79, 36 So. 2d 925 (1948); *Rogers v. State*, 198 Miss. 495, 22 So. 2d 550 (1945); *Crosby v. State*, 191 Miss. 173, 2 So. 2d 813 (1941)).

¶8. This Court has emphasized the requirements of a sufficient indictment, stating that "if the facts alleged do not constitute such an offense within the terms and meaning of the law or laws on which the accusation is based, or if the facts alleged may all be true and yet constitute no offense, the indictment is insufficient." *Peterson v. State*, 671 So. 2d 647, 653

(Miss. 1996) (quoting *Love v. State*, 211 Miss. 606, 611, 52 So. 2d 470, 472 (1951)). Being a felon in possession of a prohibited weapon is a statutory crime. Therefore, an indictment charging a defendant with being a felon in possession of a prohibited weapon, without charging all the essential elements of that crime, is void. *Spears*, 175 So. 2d at 161-62. Thomas's indictment informed him only that he was accused of possessing a knife at a time when he was a convicted felon. Notwithstanding the vast varieties of knives he could have possessed with impunity, the indictment failed to specify which, if any, of the four types of prohibited knives he was alleged to have possessed. The type of weapon a felon is alleged to have possessed is unquestionably an essential and material element of the crime of being a felon in possession of a prohibited weapon. The facts alleged by the State – that Thomas was a convicted felon in possession of "a knife" – could all "be true and yet constitute no offense." *Peterson*, 671 So. 2d at 653. Inasmuch as Count II of the indictment did not charge Thomas with an essential element of the crime, it is void for its failure to have done so. This failure to charge Thomas with a crime cognizable under Mississippi law is a plain, constitutional error and requires dismissal of the indictment and reversal of the conviction in Count II.

### III. Conclusion

¶9.    The State failed to indict Anthony Thomas for the crime of being a felon in possession of a weapon, alleging only that he, as a convicted felon, possessed "a knife." The failure to charge Thomas with a crime cognizable under Mississippi law renders that count of the indictment void, requiring reversal of the conviction in Count II and dismissal of the indictment. Accordingly, the judgment of the Court of Appeals is reversed in part and

affirmed in part. The trial court's judgment of conviction in Count II is reversed, and the indictment in Count II is dismissed. The judgment of conviction for aggravated assault, Count I, is affirmed.

¶10.   **THE JUDGMENT OF THE COURT OF APPEALS IS AFFIRMED IN PART AND REVERSED IN PART. THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT IS AFFIRMED IN PART, REVERSED IN PART AND THE COUNT II INDICTMENT IS DISMISSED. COUNT I: CONVICTION OF AGGRAVATED ASSAULT AND SENTENCE OF LIFE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AS AN HABITUAL OFFENDER, WITHOUT THE ELIGIBILITY OF PAROLE OR PROBATION, AFFIRMED. COUNT II: CONVICTION OF FELON IN POSSESSION OF A WEAPON, REVERSED AND THE INDICTMENT IS DISMISSED.**

**WALLER, C.J., DICKINSON AND RANDOLPH, P.JJ., LAMAR, CHANDLER, PIERCE, KING AND COLEMAN, JJ., CONCUR**