IRVING, P.J.,
for the Court:
¶ 1. A Hinds County jury convicted De-trick Dewayne Harris of burglary of a dwelling, armed robbery, automobile theft, and possession of a weapon by a convicted felon. The circuit court sentenced Harris, as a habitual offender, to four consecutive life sentences, one for each count, all in the custody of the Mississippi Department of Corrections, without eligibility for parole. Feeling aggrieved, Harris appeals and argues that the evidence is insufficient to sustain his armed-robbery and felon-in-possession-of-a-weapon convictions.
¶ 2. Finding that the evidence is sufficient to sustain Harris’s armed-robbery conviction, we affirm. However, because we find the evidence insufficient to sustain Harris’s felon-in-possession-of-a-weapon conviction, we reverse and render this conviction.
FACTS
¶ 3. A Hinds County grand jury indicted Harris on four different counts. The indictment, in pertinent part, reads:
Detrick Harris ... did willfully, unlawfully, and feloniously attempt to take or take from the person or from the presence of Clyde Rogers certain personal property, to-wit: a purse and its con *193 tents, or any property, the personal property of Clyde Rogers, and against the -will of Clyde Rogers by violence to his/her person or putting such person in fear of immediate injury to his/her person by exhibition of a deadly weapon, to wit, a butcher knife, in violation of Mississippi Code Annotated § 97-3-79 [ (Rev. 2006) ], as amended,
[[Image here]]
did willfully, unlawfully, have in his/her possession a certain deadly weapon, to-wit: a butcher knife, he[,] the said De-trick Harris, having been previously convicted of a felony, to wit: the crime of [rjobbery in the Circuit Court of Lauderdale County, Mississippi!)]
Harris filed a motion to dismiss the armed-robbery and felon-in-possession-of-a-weapon charges in the indictment, alleging that the knife that the State intended to introduce as evidence of the armed-robbery and felon-in-possession-of-a-weapon charges is merely a kitchen steak knife, which does not constitute a deadly weapon pursuant to Mississippi Code Annotated section 97-3-79 (Rev. 2006) or a butcher knife pursuant to Mississippi Code Annotated section 97-37-5(1) (Supp.2013). The circuit court denied the motion, stating that it would allow the jury to decide whether or not the defendant used a deadly weapon or butcher knife in the commission of the crimes. During trial, after the State rested its case, Harris moved for a directed verdict, alleging again that the knife introduced into evidence was not a butcher knife or a deadly weapon, and that the armed-robbery and felon-in-possession-of-a-weapon charges must be dismissed. The circuit court denied Harris’s motion.
¶ 4. Additional facts, as necessary, will be related in the analysis and discussion of the issues.
ANALYSIS AND DISCUSSION OF THE ISSUES
¶ 5. “[I]n considering whether the evidence is sufficient to sustain a conviction ... the critical inquiry is whether the evidence shows beyond a reasonable doubt that [the] accused committed the act charged, and that he did so under such circumstance that every element of the offense existed[.]” Bush v. State, 895 So.2d 836, 843 (¶ 16) (Miss.2005) (internal quotation marks omitted). The evidence is viewed in the light most favorable to the prosecution. Id.

I. Armed-Robbery Conviction

¶ 6. Harris argues that the evidence is insufficient to support his armed-robbery conviction because the State failed to prove that he exhibited a butcher knife, as alleged in the indictment, when he robbed the victim. More specifically, Harris claims that the knife in question is a kitchen steak knife, not a butcher knife. Section 97-3-79 provides:
Every person who shall feloniously take or attempt to take from the person or from the presence the personal property of another and against his will by violence to his person or by putting such person in fear of immediate injury to his person by the exhibition of a deadly weapon shall be guilty of robbery[.]
The jury here was given the following instruction:
A deadly weapon may be defined as any object, article^] or means which, when used as a weapon[,] is, under the existing circumstances[,] reasonably capable of or likely to produce death or serious bodily harm to a human being upon whom the object, article[,] or means is used as a weapon.
The language in section 97-3-79 provides that a person is guilty of armed robbery when he exhibits any deadly weapon dur *194 ing the commission of the robbery. Harris’s argument — that he cannot be found guilty of armed robbery because the knife involved was not one of the knives prohibited by section 97-37-5(1) — is misplaced for two reasons. First, the armed-robbery statute (section 97-3-79) is not tethered to section 97-37-5(a), which is the statute that prohibits a convicted felon from possessing a firearm or certain kinds of knives. Second, even if it were, nothing in section 93-37-5(1) precludes a finding that the knives enumerated therein are deadly weapons within the meaning of section 97-3-79. The knife that the State submitted as evidence — whether it is a butcher knife, steak knife, paring knife, or some other kind of knife — could likely produce death or serious bodily harm to a human being if used as a weapon. Therefore, the evidence is sufficient to support Harris’s armed-robbery conviction, and this issue is without merit.

II. Feloiir-wir-Possession-of-ctr-Weapon Conviction

¶ 7. Harris claims that the evidence is insufficient to sústain his felon-in-possession-of-a-weapon conviction because the knife used during the commission of the crime is not prohibited under section 97-37-5(1). More specifically, as stated, Harris claims that the knife is not a butcher knife. Section 97-37-5(1), in pertinent part, provides, “It shall be unlawful for any person who has been convicted of a felony under the laws of this state, any other state, or of the United States to possess any firearm or any bowie knife, dirk knife, butcher knife, [or] switchblade knife[J”
¶ 8. The State claims that the knife should be considered a butcher knife, as it can be used for cutting or trimming meat. As noted by the separate opinion, the trial court, upon objection by the defense, refused a State instruction that would have informed the jury “that a butcher knife is defined, as a large sharp knife for cutting or trimming meat.” While the defense may not complain on appeal about the failure to give a jury instruction that he objected to at trial, we note that is not the case here. Harris does not question the giving or refusing of any jury instructions, and our holding is not based on jury-instruction error. The question here is not whether the jury instructions were insufficient, but instead whether the evidence, no matter the instructions, was sufficient for a jury to find that the knife at issue was a butcher knife, as Harris’s objection to the jury instruction did not diminish the State’s evidence or lessen its burden of proof.
¶ 9. As stated, Harris argues here, as he did in the trial court, that the evidence is insufficient to support a finding that the knife in question is a butcher knife. Therefore, as this Court did in Summerall v. State, 41 So.3d 729 (Miss.Ct.App.2010), where the question was whether the evidence supported a finding that the knife in question was a dirk knife, we review the evidence to determine if it is sufficient to support a finding that the knife involved is one that is proscribed by section 97-37-5.
¶ 10. As to the State’s argument that the knife involved should be considered a butcher knife because it can be used for cutting and trimming meat, we note that can be said with respect to almost any knife. Based on Harris’s indictment, the State was required to prove that Harris possessed a butcher knife. “The. type of weapon a felon is alleged to have possessed is unquestionably an essential and material element of the crime of being a felon in possession of a prohibited weapon.” Thomas v. State, 126 So.3d 877, 879-80 (¶ 8) (Miss.2013). A butcher knife has been defined in various ways, including (1) as “a heavy[-]duty. knife[,] usually six to *195 eight inches long having a broad rigid blade that curves slightly at the tip,” Webster’s Third New International Dictionary 304 (2002); and (2) as “a large, very sharp knife for cutting or trimming meat.” Webster’s Encyclopedic Unabridged Dictionary of the English Language 201 (1989). The knife at issue in this case (see appendix) does not fit either definition of a butcher knife, as it is not large or heavy duty and does not have a broad blade that curves slightly at the tip. We cannot ascertain from the picture whether the blade is rigid, but it does not appear to be so.
¶ 11. On the evidence presented, we are compelled to conclude that the State did not meet its burden of proving beyond a reasonable doubt that the knife is a butcher knife. Therefore, Harris’s felon-in-possession-of-a-weapon conviction is reversed and rendered.
¶ 12. THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT OF CONVICTION OF COUNT I, BURGLARY OF A DWELLING, AND SENTENCE, AS A HABITUAL OFFENDER, OF LIFE; CONVICTION OF COUNT II, ARMED ROBBERY, AND SENTENCE, AS A HABITUAL OFFENDER, OF LIFE; AND CONVICTION OF COUNT III, AUTOMOBILE THEFT, AND SENTENCE, AS A HABITUAL OFFENDER, OF LIFE, WITH THE SENTENCES TO RUN CONSECUTIVELY, ALL IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITHOUT ELIGIBILITY FOR PAROLE, IS AFFIRMED. THE CONVICTION OF COUNT IV, FELON IN POSSESSION OF A WEAPON, AND SENTENCE, AS A HABITUAL OFFENDER, OF LIFE, IS REVERSED AND RENDERED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HINDS COUNTY.
LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, ROBERTS, MAXWELL AND FAIR, JJ„ CONCUR. JAMES, J., CONCURS IN PART WITHOUT SEPARATE WRITTEN OPINION. CARLTON, J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION, JOINED IN PART BY JAMES, J.
*196 [[Image here]]