KITCHENS, Justice,
dissenting:
¶,59. The atrocious assaults that Casey Mark Burgess is accused of inflicting upon his wife are despicable, and he should stand trial for them if lawfully charged. But our Constitution remains unyielding, even in the face of apparent depravity. Because the indictment did not allege that Burgess and his wife were marriéd to each other or that they were married but separated and living apart at the time he is said to have brutalized and sexually assaulted her, and because it did not allege that Burgess had engaged in forcible sexual penetration Of his wife in the absence of her consent, I respectfully dissent from the majority’s affirmance of his conviction.
¶ 60. Mississippi Code Section 97-3-95 provides that “[a] person is guilty of sexual battery if he' or she engages in sexual penetration” with “[ajnother person -without his or her consent..;'.” Miss.Code Ann. § 97-3-95 (Rev.2014). ' In accordance with that statutory section, the first count of the indictment against Burgess alleged that he:
did-willfully; unlawfully, and intentionally engage in sexual penetration as defined by Mississippi Code Anndtated § 9T-3-97'[23] with S.B., a female human *1284 being, by inserting his penis in S.B.’s vagina, without her consent, all within the jurisdiction of this court and in violation of Section 97-S-95(l)(a), Mississippi Code Annotated....
Counts II and III alleged the same crime, but specified that Burgess had “inserted his penis in S.B’s” anus and mouth, respectively.
¶ 61. However, Section 97-3-99 provides that:
A person is not guilty of any offense under Sections 97-3-96 through 97-3-103 if the alleged victim is that person’s legal spouse and at the time of the alleged offense such person and the alleged victim are not separated and living apartp provided, however, that the legal spouse of the alleged victim may be found guilty of sexual battery if the legal spouse: engaged in forcible sexual penetration without the consent of the alleged victim.
Miss.Code Ann. § 97-3-99 (Rev.2014). In the present case, Burgess’s indictment contains ■ no language alleging that S.B. was .not Burgess’s legal spouse, or that “at the time of the alleged offense,” Burgess and S.B. were “separated and living apart.” Id. No allegation was made in the indictment that Burgess “engaged in forcible sexual penetration without the consent of the alleged victim,” Id. The jury instruction on the first, count, however, required the jury to find, beyond a reasonable doubt, that Burgess did:
1. willfully, unlawfully, intentionally and forcibly;
2. engage in sexual penetration; •
3. with [S.B.];
4. by inserting his penis in [S.B.’s] vagina;
5. without her consent....
(Emphasis added.) The jury instruction for Counts II and III contained similar language, though it instructed the jury that, in order to convict, it had ..to find, beyond a reasonable doubt, that Burgess had “insert[ed] his penis in” S.B.’s anus and mouth, respectively.
¶62. The majority — and the State— reference Trigg v. State, 769 So.2d 448 (Miss.Ct.App.2000). In that case, the defendant was convicted of sexual battery against his wife. Id. at 450. The defendant, who had drugged his wife to render her unconscious, recorded on a videotape “orally and digitally penetrating] her vagina while she was unconscious, without her knowledge or consent.” Id. The defendant argued there, as the defendant argues here, that the indictment under Section 97-3-95(l)(a) and (b)[24] was insufficient because it was impermissibly amended in the jury .instructions to include an allegation of force under Section 97-3-99. Id. The Court of Appeals, rejected the argument and affirmed the conviction, holding that “force is not an element of sexual battery, rather it is an element necessary to establish the affirmative' defense to a charge of sexual battery.” Id. at 451 (emphasis added). The Court of Appeals continued that “[a]ny relevant defense must be raised by the defendant; therefore, language concerning potential defenses does not belong in the indictment.” Id. While deserving of our serious consideration, the Court of Appeals decision is not binding upon this Court.
*1285 ¶ 63. In the context of a Maine statute which required “a defendant to establish by a preponderance of the evidence that he acted in the heat- of passion on sudden provocation in order to reduce murder to manslaughter,” the United States Supreme Court held that “[u]nder this burden of proof a defendant can be given a life sentence when the evidence indicates that it is as likely as not that he deserves a significantly lesser sentence.” Mullaney v. Wilbur, 421 U.S. 684, 703, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975). Finding that the “State has affirmatively shifted the burden of proof to the defendant,” the Court held that “the Due Process Clause requires the prosecution to prove beyond a reasonable doubt the absence of the heat of passion on sudden provocation when the issue is properly presented in a homicide case.” Id. at 700, 704, 95 S.Ct. 1881.
¶64. The Court of Appeals in Trigg and now today’s majority saddle a defendant with the.obligation to raise the affirmative defense of marriage found in Section 97-3-99. .According to the majority, once the defendant has raised the affirmative defense of marriage, the State is obligated to rebut it with evidence beyond a reasonable doubt that the victim is the defendant’s legal spouse “and at the time of the alleged offense such person and. the alleged victim are not separated and living apart.” Miss.Code Ann. § 97-3-99 (Rev. 2014). In the event that the alleged victim and the defendant are, in fact, legal spouses and, “at the time of the alleged offense such person and thealleged victim are. not separated and living apart,” the State must prove beyond-, a reasonable doubt that “the legal spouse engaged in forcible sexual penetration without the consent of the alleged victim.” Id.
¶ 65. If the defendant should choose not to put on a defense, under the.majority’s reasoning, the State and the courts apparently would proceed under these facts and an indictment such as Burgess’s in a legal fiction that the parties were not married. With respect, today’s majority perpetuates the error of the Trigg court by impermissi-bly placing the burden on the defendant to prove that the defendant and the victim were married and were not separated in order to trigger the requirement that the State prove force beyond a reasonable doubt.
¶66. Moreover, I cannot agree that force “is án element necessary to establish the affirmative defense” of marriage under Section 97-3-99. Trigg, 759 So.2d at 451. That simply is an incorrect interpretation of the law. Force is not an element necessary to establish the affirmative defense of marriage to a charge of sexual battery under Section 97-3-95. Rather, proof beyond ' a reasonable doubt of force is required when the victim is the defendant’s legal spouse “and at the time of the alleged offense such person and the alleged victim are not separated and living apart.” Miss.Code Ann. § 97-3-99 (Rev.2014).
¶ 67. Uniform Rule of Circuit and County Practice 7.06 governs indictments: “[t]he indictment upon which the defendant is to be tried shall be a plain, concise and definite written statement of the essential facts constituting the offense charged and shall fully notify the defendant of the nature and cause of the accusation.” URCCC 7.06. This requirement is grounded in “[t]he familiar constitutional right to notice of criminal charges.... ” Thomas v. State, 126 So.3d 877, 879 (Miss.2013) (citing U.S. Const. amend. VI (“In all criminal prosecutions, the accused shall enjoy the right ... to be informed of the nature and cause of the accusation.”); Miss. Const. art. 3, § 26 (“In all criminal prosecutions the accused shall have a right ... to demand the nature and cause of the accusation.”)).
*1286 . ¶ 68. “An indictment which fails to allege all essential elements- of a crime runs afoul of our' constitutions and is void.” Thomas, 126 So.3d at 879. Further,
It has long been the law of-this land that an accused person has a-constitutional right to be informed of the nature and material elements of the accusation-filed against him. All the authorities are-to the effect that an indictment, to be sufficient upon which a conviction may stand, must set forth the constituent elements of a criminal offense. Each and every material fact and essential ingredient of the offense must, be with precision and certainty set forth.
Thomas, 126 So.3d at 879 (quoting Burchfield v. State, 277 So.2d 623, 625 (1973)). “Repeatedly this Court has held that an indictment based upon a statutory offense must charge all of .the essential elements of the statutory crime and. is void for failure to do so.” Thomas, 126 So.3d at 879 (quoting Spears v. State, 253 Miss. 108, 116, 175 So.2d 158, 161-62 (1965)). Where the indictment fails to- charge the defendant “with an essential element of the crime, it is void for its failure to have done so.” Thomas, 126 So.3d at 880.
169. The indictment in the present case failed to allege force, an essential element of the crime of sexual battery under Sections 97-3-95 and .97 — 3—99 where, as here, the victim .was the defendant’s legal spouse “and at- the time of the alleged offense such person and the. alleged victim are not, separated and living apart.” The State had a.duty to investigate the case fully, including the parties’ status respecting each other, before presenting the case to the grand jury, then to draft an indictment that reflected that status and the element of force.
¶ 70. The State complains that Burgess “hid the fact that he intended to use the marital exception defense until -such time as the State rested its case. Appellant cannot use this hidden defense to form [sic] basis of an argument that the State’s indictment was. deficient.” Aso, according to the State, while Burgess “elicited testimony from S.B. showing that she and Appellant were married ,and living together at the time of the battery,” he “kept silent with regards [sic] to notifying the State, and the trial court, of his intent to raise the defense until such time as the State rested — thereby affording Appellant a seemingly foolproof opportunity to cry foul in regards [sic] to the indictment.”
¶ 71. The record belies this argument altogether. The State was on notice from the beginning that the parties were married. In the State’s opening statement it referred to the “marital home” and indicated that Burgess and S.B. had celebrated their twelfth anniversary the day before Burgess’s “binge” which ostensibly led to the sexual battery. The prosecutor used the word “force” no fewer than eleven times during his opening statement, and referenced force during his direct examination of S.B. It cannot be said that the State had no notice that the pártiés were married; and that it would be obligated to prove force, prior to Burgess’s motion for a directed verdict. The State’s suggestion that Burgess concealed or hid the use of the' marital-exception defense is not accurate, for the State clearly was on notice that the parties'were, in fact,'married and not separated at the time the sexual bat-, tery occurred. In ahy' cáse in which the State has alleged sexual battery and the alleged defendant and the victim are married and not separated, or the State has reason to know that the alleged defendant and the''victim are married and not separated, the State is obligated to assume that the affirmative defense of marriage will be raised by the defense and to allege force in the indictment as an element of the crime.
*1287 ¶72. Moreover, the State’s .argument suggests that the defense is obligated to disclose and to provide notice to the State that it plans to assert the affirmative defense of marriage under Section 97-4-09 in a case in which sexual battery is alleged pursuant to Section 97-4-95. That, too, is not correct. The only two defenses of which a defendant is required to provide notice to the State are those of alibi and insanity. Rule 9.05 of the Uniform Rules of Circuit and County Practice provides that “the defendant shall serve within ten days, or at such other time as the court may direct, upon the prosecuting attorney a written notice of the intention to offer a defense of alibi....” URCCC 9.05. Likewise, Rule 9.07 of the Uniform Rulés of Circuit and County Practice provides that:
If a defendant intends to rely upon the defense of insanity at the time of the alleged crime, the defendant shall, within the time provided for filing pretrial motions or at such later time as the court may direct, serve upon the prosecuting attorney and the clerk of the court a written notice of the intention to offer a defense of insanity.
URCCC 9.07. The defendant was not required by any law, rule, or judicial decision to put the State on notice that he intended to raise marriage as an affirmative defense to the charges of sexual battery.
¶73, Because the indictment in the present case did not' allege properly the status of the parties and the essential element of force, it was void, and I respectfully dissent.

. Section 97-3-97 defines ”[s]exual penetration” as "eunnilingus, fellatio, buggery or ' pederasty, any penetration of the genital or anal openings of another person’s body by any part pf a person's body, and insertion of any object.into the genital or anal openings of *1284 another person’s body.” Miss.Code Ann. § 97-3-97 (Rev.2014).

. Section 97 — 3—95 (1)(b) criminalizes "sexual penetration” of "[a] mentally defective, mentally incapacitated or physically helpless person.” Miss.Code Ann. § 97 — 3—95(1)(b) (Rev. 2014).