STATE *v.* WINSLOW.

In Banc. April 10, 1950.

No. 37478 (45 So. (2d) 574)

**R. G. Livingston,** District Attorney, for appellant.

**George H. Ethridge,** Acting Attorney General, also for appellant.

757

J. W. Shanks and L. C. Bridges, for appellee.

**McGehee, C. J.**

The accused, Earl Winslow, was indicted by the Grand Jury for marrying his mother-in-law, in alleged violation of Section 458, Code of 1942, which undertakes to prescribe the degrees within which certain marriages are prohibited by law as incestuous, the penalty therefor being prescribed by Section 2234, Code of 1942, and fixed at a fine of $500.00 or imprisonment in the State Penitentiary not longer than ten years or by both such fine and imprisonment. These statutes also declare that marriages within the degrees prohibited by law shall be incestuous and void.

The accused interposed a demurrer to the indictment on the ground that it charged no crime. The demurrer was sustained by the trial court, and the district attorney prosecutes this appeal.

Section 458, Code of 1942, reads as follows: "The father shall not marry his son's widow; a man shall not marry his wife's daughter, or his wife's daughter's daughter, or his wife's son's daughter, or the daughter of his brother or sister; and the like prohibition shall extend to females in the same degrees; and all marriages prohibited by this and the preceding section are incestuous and void."

It is the contention of the district attorney that the provision in the above-quoted statute which reads "and the like prohibition shall extend to females in the same degrees" means that in the first provision of the statute reading "the father shall not marry his son's widow", the word mother should be substituted for the word "father" therein so that such provision would read "the mother shall not marry her daughter's widower". The indictment, however, is not against the mother of Earl Winslow's deceased wife, but is against the accused, Earl Winslow, alone.

It is to be noted from a reading of the entire Section 458, supra, that the statute may have been designed to

prevent the father, as the head of the family circle, and who would ordinarily be a much older person than those whom he is forbidden to marry, from taking advantage of his status and marrying one of the persons named in the statute, but the trouble with this construction of the purpose of the statute is that the lawmakers also enacted the immediately preceding Section 457, of the said Code, which provides, among other things, that: ''The son shall not marry his grandmother, his mother, or his stepmother; . . . or his aunt, being his father's or mother's sister. . . .''

It is suggested by the accused that the proper interpretation of the provision in Section 458 reading ''and the like prohibition shall extend to females in the same degrees'', means that where the father marries his son's widow, his wife's daughter, or any of the other persons mentioned in this statute, both the man and the woman involved in such marriage shall be guilty of the violation of the law.

But as was said in the case of State v. Lee, 196 Miss. 311, 17 So. (2d) 277, 278, 151 A. L. R. 1143, ''what we have here is a ▇▇ criminal prosecution as to which the rule is that the construction is one of strictness in favor of the defendant, and that whatever sense of detestation the court may entertain towards a party upon the facts, courts nevertheless may not impose punishment upon one not within the strict letter of the law. . . .''

▇▇ Construing Section 457 and 458 as setting forth the conditions under which marriages are to be prohibited as incestuous, we find no provision which clearly deals with the specific act of the accused in marrying his mother-in-law in the instant case. Section 457 prevents the ''son'' from marrying certain relatives therein mentioned. Section 458 prevents the father from marrying certain relatives therein mentioned, and provides that the like provision shall extend to females in the same degrees. It appears that the defendant is neither the father nor any other person mentioned in this

statute. Moreover, the alleged offense, for which the accused was indicted, is not within the prohibitions of Section 457, supra, as to whom a man may marry.

In 14 Am. Jur., Section 19, Pages 773-774, the requisites of criminal statutes are stated as follows: ██ ██ "The legislature, in the exercise of its power to declare what shall constitute a crime or punishable offense, must inform the citizen with reasonable precision what acts it intends to prohibit, so that he may have a certain understandable rule of conduct and know what acts it is his duty. to avoid. If the meaning of a criminal statute cannot be judicially ascertained or if, in defining a criminal offense, it omits certain necessary and essential provisions which go to impress the acts committed as being wrongful and criminal, the courts are not at liberty to supply the deficiency, or undertake to make the statute definite and certain. If a statute uses words of no determinative meaning and the language is so general and indefinite as to embrace not only acts properly and legally punishable, but others not punishable, it will be declared void for uncertainty. It is axiomatic that statutes creating and defining crime cannot be extended by intendment. Purely statutory offenses cannot be established by implication. There can be no constructive offenses. ██ ██ Before a man can be punished, his case must be plainly and unmistakably within a statute. A statute that either forbids or requires the doing of an act in terms so vague that men of common intelligence must guess as to its meaning and differ as to its application lacks the first essential of due process of law."

We do not think it is sufficiently clear from these statutes that the defendant was duly informed that he should avoid entering into the marriage in question, and that therefore the action of the trial judge in sustaining the demurrer to the indictment should be affirmed.

Affirmed.

**Alexander, J.** dissenting.

Section 458, Code of 1942, is not a punitive statute, it merely defines what marriages are incestuous. Among these is the marriage of a father with his daughter-in-law. The concluding clause of the statute that "the like prohibition shall extend to females in the same degrees" can mean nothing but that, mutatis mutandis, a mother-in-law may not marry her son-in-law. As stated, this Section, however, goes no further than to characterize such relationships as incestuous. Section 2000, Code of 1942, makes it a crime for those falling within the definition of Section 458 who shall cohabit together as husband and wife. Both parties are guilty, if one is guilty.

Unquestionably the Legislature was merely trying to save time and language by the last clause of Section 458. Under our construction we have gone further and saved from prosecution all males who have entered into such an alliance, whose offense is deemed to be only that they are married to one who is forbidden to contract such marriage.