KITCHENS, JUSTICE,
CONCURRING IN PART AND DISSENTING IN PART:
¶27. I respectfully concur in part and dissent in part. Because the witness tampering count in Briggs’s indictment misstated an essential element of the crime by substituting the word may, for the statutory word will, it was fatally defective. The purported witness tampering count did not charge Briggs with any crime. Therefore, I would find that reversal of Briggs’s conviction of witness tampering is required under the Sixth Amendment to the United States Constitution and Article d, Section 26, of the Mississippi Constitution. I agree that Briggs’s robbery conviction must be affirmed.

A. Constitutional Requirements

¶ 28. Words do matter in indictments, perhaps more so than in most other legal pleadings. The Sixth Amendment to the United States Constitution provides that “the accused shall enjoy the right ... to be informed of the nature and cause of the accusation.” U.S. Const, amend. VI. Under the Mississippi Constitution, “the accused shall have a right ... to demand the nature and cause of the accusation.” Miss. Const. art. 3, § 26. “An indictment must contain (1) the essential elements of the offense charged, (2) sufficient facts to fairly inform the defendant of the charge against which he must defend, and (3) sufficient facts to enable him to plead double jeopardy in the event of a future prosecution for the same offense.” Gilmer v. State, 955 So.2d 829, 836-37 (Miss. 2007). “An indictment which fails to allege all essential elements of a crime runs afoul of our constitutions and is void.” Thomas v. State, 126 So.3d 877, 879 (Miss. 2013). Because such an indictment is void and legally inoperative, there is no need for a showing of prejudice to the defense. If an indictment misstates the essential elements of the crime, an appellate challenge to the indictment is never procedurally barred, but is subject to de novo review under our longstanding precedent. Gilmer, 955 So.2d at 836.
¶ 29. Article 1, Section 1, of the Mississippi Constitution provides for the separate magistracies of the three governmental departments: legislative, judicial, and executive. Miss. Const, art. 1, § 1. The *65 legislative powers are vested in the legislature. Miss. Const, art. 4 § 33. The legislative power includes the authority to declare and define those acts that constitute crimes. State ex rel. Dist. Attorney v. Winslow, 208 Miss. 753, 761, 45 So.2d 574, 576 (1950). When the prosecutor—a member of the executive branch—initiates a criminal prosecution via a grand jury, the language of the indictment must include the language of the statute that defines the crime being charged. Warren v. State, 187 So.3d 616, 622 (Miss. 2016). If an indictment does not track the statutory language and instead omits or misstates one or more of the crime’s essential elements, it effectively charges no crime, and the indictment must be dismissed. Thomas, 126 So.3d at 879-80. Thus, the drafter of an indictment may not constitutionally attempt to broaden the reach of a criminal statute by substituting language that lightens the evidentiary burden of the prosecution. “[T]he rule is ... that whatever sense of detestation the court may entertain to-wards a party upon the facts, courts nevertheless may not impose punishment upon one not within the strict letter of the law.” Winslow, 208 Miss. at 760, 45 So.2d at 575.

B. The witness tampering count of Briggs’s indictment did not charge him with a crime.

¶30. Count II of Briggs’s indictment purported to charge him with witness tampering under Mississippi Code Section 97-9-115. That statute defines the crime of witness tampering as follows:
(1) A person commits the crime of tampering with a witness if he intentionally or knowingly attempts to induce a witness or a person he believes will be called as a witness in any official proceeding to:
(a) Testify falsely or unlawfully withhold testimony; or
(b) Absent himself from any official proceeding to which he has been legally summoned.
Miss. Code Ann. § 97-9-115 (Rev. 2014) (emphasis added). Official proceeding is defined as “any proceeding heard before any legislative, judicial, administrative, or other government agency or official authorized to hear evidence under oath.”
¶ 31. The charging language of Count II of Briggs’s indictment is as follows:
And, based upon a series of acts connected together and constituting parts of a common scheme and plan, Trevioun Lamount Cornelius Briggs, on or about the 18th day of December, 2013, in the county aforesaid and within the jurisdiction of the Court, did willfully, felo-niously, intentionally and knowingly attempt to induce a witness or a person he believed may be called as a witness against him, to-wit: Defendant, while incarcerated, made contact via telephone with a person whom he then requested she attempt to coerce another person into deceitfully providing Defendant with with [sic] an alibi, in violation of Miss. Code Ann. § 97-9-115 (1972, as amended).
(Emphasis added.)[3]
¶ 32. Briggs contends that the witness tampering statute criminalizes the attempted inducement of false testimony from someone the defendant believes will be called as a witness, not someone the defendant believes may be called as a witness. Briggs argues that the language of his indictment did not track the lan *66 guage of the statute because it substituted the word may for the word will. Briggs also argues that, because the words may and will have different meanings, the substitution was improper and rendered his indictment fatally defective. While Justice Beam’s majority provides much general discussion about the language of Section 97-9-115, it offers scant analysis of the issue raised by Briggs: whether there is any meaningful difference between using the word may in place of the word will in an indictment for witness tampering. With respect, that issue is of paramount importance to our resolution of this case and it is dispositive. Accordingly, I address it as follows.
¶ 33. An indictment properly sets forth the essential elements of the crime sought to be charged when the indictment’s language tracks (follows) the language of the statute. Warren, 187 So.3d at 622. An indictment need not employ the exact descriptive language of the statute. Gilmer, 955 So.2d at 837 (quoting Price v. State, 898 So.2d 641, 654 (Miss. 2005)). But for an indictment sufficiently to set forth the essential elements of the crime, it must use “equivalent words of substantially the same meaning” as the words in the statute. Id. (quoting Price, 898 So.2d at 654); see also Harrington v. State, 54 Miss. 490, 493 (1877) (providing that “it is essential that either the same words, or words of equivalent meaning, and substantially synonymous, should be used”). This Court has held that “[w]here the language used in the indictment is sufficiently specific to give notice of the act made unlawful, and exclusive enough to prevent[ ] its application to other acts, it is sufficient.” Gilmer, 955 So.2d at 837 (quoting Price, 898 So.2d at 654).[4]
¶ 34. Briggs’s indictment charged him with attempting to induce a witness or a person he believed may be called as a witness to provide him a false alibi by means of coercion and deceit. The witness tampering statute proscribes intentionally or knowingly attempting to induce false testimony from a witness or a person the defendant believes mil be called as a witness. Only if it could be said that the words may and will have equivalent meaning and are substantially synonymous terms could we find that the witness tampering charge was adequately worded. But, as this Court has recognized, the two words have vastly different meanings. A bedrock principle of this Court’s law of statutory interpretation is that the word may is a permissive term, and the word shall is mandatory. Tunica Cty. v. Hampton Co. Nat’l Surety LLC, 27 So.3d 1128, 1134 (Miss. 2009). May is “used to indicate possibility or probability.” May, Webster’s New Collegiate Dictionary (9th ed. 1983). It means “may or may not.” Kipp Flores Architects, L.L.C. v. Mid-Continent Cas. Co., 852 F.3d 405, 410 (5th Cir. 2017). On the other hand, will is “used to express inevitability.” Will, Webster’s New Collegiate Dictionary (9th ed. 1983). The words may and mil are not substantially synonymous words of equivalent meaning, and they cannot be used interchangeably. Like shall, mil is mandatory. Thus, a defendant is guilty of witness tampering if the defendant intentionally or knowingly attempts to induce false testimony from a witness or a person the defendant believes, inevitably, regardless of whether such belief is well founded or even realistic, will be called as a witness by the State or by the defendant.[5] A person cannot be guilty of *67 witness tampering for attempting to induce false testimony from someone he believes may or may not be called as a witness. Therefore, Briggs’s indictment was rendered defective when its drafter chose to employ a word that does not appear in the statute and has a meaning that is different from the operative word that does appear in the statute.
¶ 35. In short, Briggs is accused of trying to dispatch a second person to talk a third person into providing Briggs a false alibi. For that to be a crime under Section 97-9-115, the statute the State selected as the legal vehicle for its prosecution of Briggs, it was necessary that Briggs be proven to have believed that the third person will or would be called as a witness, not that she may or might be called as a witness. Had the indictment tracked the statutory language, the State could have undertaken to adduce circumstantial evidence that Briggs himself intended to call the third person as a witness, thus believing the person will or would be called as a witness. The statute does not specify or require any particular basis or means for the unlawful inducement. But Section 97-9-115 does require the State to prove that, for whatever reason, the accused believed, subjectively, that the target of his attempted inducement will be called as a witness. Although the defendant’s belief may be ill founded, altogether misplaced, or completely wrong, nevertheless, the statute demands that the accused, to be guilty of witness tampering, believe that the person he attempts to induce ultimately will be called as a witness, either by the defendant or by the defendant’s adversary—the State.[6]
¶ 36. The Court of Appeals held that, because Briggs requested that those he contacted provide an alibi to the investigating authorities, he essentially was asking them to be witnesses at his trial and to provide false testimony. The Court of Appeals opined that, under those circumstances, Briggs necessarily believed that these persons would have been called as witnesses at his trial. In essence, the Court of Appeals found that Briggs was attempting to “create” a false trial witness. Therefore, the Court of Appeals held, it made no difference that the indictment erroneously substituted may for mil. With respect to my colleagues in Justice Beam’s majority, who approve this analysis, the Court of Appeals’ reasoning mistakenly ignores the constitutional requirement that an indictment must set forth the essential elements of the crime. The Court of Appeals’ apparent belief that Briggs’s conduct could be construed as being within the actual statutory language is not determinative of the adequacy of the indictment. Because the *68 •witness tampering count of Briggs’s indictment erroneously substituted the word may for the word will—a word that has a different meaning—the indictment failed to afford Briggs the constitutionally required notice of the crime charged. As Count II is written, Briggs was giv’en notice of nothing more than an accusation that does not amount to a crime. The question of whether the State could have adduced sufficient evidence to secure a conviction had the witness tampering count properly set forth the essential elements of the crime is irrelevant to our resolution of the dilemma created by poor draftsmanship.
¶37. Further, I respectfully note that Justice Beam’s majority, citing out-of-state case law, mistakenly bases much of its analysis on attempting to resolve the irrelevant question of whether Section 97-9-115 requires an official proceeding to have commenced prior to the defendant’s attempt to induce false testimony. The statutory language proscribes the attempted inducement of false testimony from a person whom the defendant believes will be called as a witness in an official proceeding. Miss. Code Ann. § 97-9-116(a) (Rev. 2014). Whether the statute is violated or not depends on what the defendant believed at the time of the attempted inducement of false testimony,[7] not on whether an official proceeding actually had commenced. With respect for those comprising Justice Beam’s majority, its analysis obscures the real issue in this case by focusing on whether Section 97-9-115 requires an official proceeding to have commenced at the time of the attempted inducement of false testimony.
¶ 38. Because my analysis rests upon a simple comparison of the language of the indictment to the language of the statute; and, since they are patently at odds with each other, I find no need to comb the annals of American law for other judicial interpretations of similar statutes. I would not hold that the witness tampering statute requires that an official proceeding must have begun at the time of the attempted inducement of false testimony. Rather, my analysis of the case before us is based upon the inescapable fact that the words may and will have different meanings; thus, Briggs’s indictment failed to place him on notice of an essential element of the crime.
¶ 39.1 also observe that the State’s pros-ecutorial endeavor would have been far better served if, in drafting the indictment, it simply had utilized the statutory language, instead of attempting to improve on it. The alternative- verb selected by the State—may—materially.deviated from the meaning of the statute. May suggests a contingency. Will, on the other hand, bespeaks a thing certain—in this case, a particular belief on the part of the accused, even if mistaken. The legislature, the sole entity in our state government possessed of the authority to select statutory language, did not choose the word may when it drafted this statute.[8] Even though the prosecutor—a functionary- in the executive branch -of state government—did choose *69 the word may, reasoning, perhaps, that this substitution would make the charge easier to prove—the charging language of the indictment fell short of charging Briggs with a crime known to Mississippi law. The prosecutor’s innovation upon the statute’s plain language renders the witness tampering count of Briggs’s indictment wholly impotent as a criminal charge.
¶40. Finally, I am compelled to underscore that this Court’s disposition of this ease strongly implicates separation of powers. Section 97-9-115 appears, in all respects, to be a valid statute. This Court cannot expand a statute’s meaning beyond its plain, unambiguous language. Green v. State, 183 So.3d 28, 33 (Miss. 2016). Even if Section 97-9-115 were ambiguous, because it is a penal statute, we would be constrained to construe it strictly against the State. Id. at 34. A prosecutor, as a member of the executive branch, has no authority to expand the statutory definition of a crime by substituting words he or she thinks would be more expedient to securing a conviction. The grand jurors who voted to indict Briggs for witness tampering were not well served by such creativity. Only the legislature is empowered to amend a statute; neither the executive nor the judicial branch of our government may do so. To approve the executive branch’s attempted statutory amendment, as Justice Beam’s majority does, is a reckless plunge into judicial activism in which I respectfully decline to participate.
¶41. Because Briggs’s indictment misstated an essential element of the crime of witness tampering by substituting the word may for the word will, his indictment for the witness tampering count was fatally defective. Therefore, Briggs was deprived of his federal and state constitutional rights to notice of the charge against him. I would affirm his conviction of robbery, reverse and render his conviction for witness tampering, and dismiss the witness tampering count of his indictment.
DICKINSON, P.J., KING AND COLEMAN, JJ., JOIN THIS OPINION.

. Though not raised, I note that, for double jeopardy purposes, Briggs’s indictment should have identified the person or persons whose false testimony Briggs was charged with having attempted to induce. See Goforth v. State, 70 So.3d 174, 189-90 (Miss. 2011).

. For example, here the charging language would have been compliant with the statute had it used the word "would” instead of "will.” "Would,” in the context of the statutory language, has substantially the same meaning as "will.”

. I note that Briggs's indictment charged that he intentionally or knowingly attempted to *67 "induce a witness or a person he believed may be called as a witness against him.” Thus, the State imposed upon itself the obligation of proving something not included in the statute: that Briggs believed the person would be called to testify against him by the State, not by the defense. Lee v. State, 944 So.2d 35, 38-39 (Miss. 2006) (citing Richmond v. State, 751 So.2d 1038, 1046 (Miss. 1999)).

. Justice Beam’s majority interprets my position to be that “the offense would not be consummated until the putative witness appeared at the official proceeding and gave false testimony.” Maj. Op. at ¶ 22. With respect for Justice Beam’s majority, the distinction between may and will is critical not because it matters whether the person from whom the defendant attempted to induce false testimony eventually is called as a witness, but because there is a meaningful distinction between the defendant’s harboring a belief that someone will be called as a witness and his harboring a belief that someone may be called as a witness. I wholeheartedly agree with the conclusion of Justice Beam's majority that the statute can be violated even if the defendant’s belief that the person will be called as a witness is wrong or misplaced.

, The statute is violated’when a person intentionally or knowingly attempts to induce someone he believes will be called as a witness in any official proceeding to testify falsely. Miss. Code Ann, § 97-9-115(a). Logically, • one person may believe, subjectively, that another will be called as a witness in an official proceeding even if no such proceeding has been commenced or scheduled.

. Interestingly, in the recent amendment of the witness tampering statute, the legislature did not alter its use of the operative word will. Neither should we, as it is not within this Court's authority so to:do.